## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                              :   CHAPTER 13
Niconnia M. Headen                                  :
    Debtor                       :   BANKRUPTCY NO.:  19-13636 amc

### RESPONSE TO MOTION FOR RELIEF

Debtor, by her attorney, Brandon J. Perloff, Esq. by way of Response to Movant's Motion, respectfully represents the following:

1.-2.   Admitted.

3.   Admitted in part, denied in part.  It is admitted that the filing of the bankruptcy operated as an automatic stay.   The remainder of the Movant's averment is denied as the Debtor is without the requisite knowledge to attest to the veracity of the Movant's averment and Movant's intentions.

4.-5.   Admitted.

6.   Denied.  The corresponding averments is denied to the extent that it contains conclusions of law to which no response is necessary.

7.-8.   Denied.  The Debtor has made payments, which are not reflected in the Movant's corresponding paragraph.  By way of further response, should the Debtor owe any post-petition amounts, the Debtor intends to cure.

9.   Denied. By way of clarification, the value listed on the Debtor's schedule A is an estimation. The Debtor is not a licensed appraiser, nor does she have any other special knowledge or expertise regarding the valuation of real property.  Furthermore, the valuation referenced in Movant's allegation is the amount after the estimated fair market value has been adjusted for hypothetical costs of sale.

10.   Denied. The averments set forth in this Paragraph is denied to the extent that they contain conclusions of law to which no response is necessary. By way of further response, the Real Property is the Debtor's residence and is necessary for an effective reorganization.  Also, the Movant's interest is adequately protected.  The Real Property is fully insured, and the value of the Property exceeds the Movant's Claim and all  other claim secured against the Real Property.  The Real Property has been appreciating since

the Debtor filed her petition, and continues to appreciate to this day.  The Property therefore has a growing equity cushion, which sufficiently protects the Movant's interest.

      11.      Denied. No cause exists for any such waiver.

      12.      Denied.  Movant articulates no cause for the relief sought.

      13.      The Movant's averment does not call for a response.  To the extent Movant's averent contains any statements of fact, said facts are denied.

**WHEREFORE**, Debtor pray that the Movant's request for relief be denied.

Respectfully submitted,

Date: 11/26/2019

/s/ BrandonJ.Perloff
BrandonJ.Perloff Esquire.
Attorney for Debtor