United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 19-13636-amc
Niconnia M Headen                                                     Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: Antoinett    Page 1 of 1    Date Rcvd: Jan 10, 2020
                       Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 12, 2020.
db             +Niconnia M Headen,    5100 North Warnock Street,    Philadelphia, PA 19141-4002

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 12, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 10, 2020 at the address(es) listed below:
        BRANDON J PERLOFF    on behalf of Debtor Niconnia M Headen bperloff@kmfirm.com,
         kmecf1429@gmail.com,mhazlett@kmfirm.com,KwartlerManusLLC@jubileebk.net
        KEVIN S. FRANKEL    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
         pa-bk@logs.com
        REBECCA ANN SOLARZ    on behalf of Creditor   Global Lending Services LLC bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                                                                     TOTAL: 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Niconnia M. Headen aka Niconnia McClam<br>　　　　　　　　Debtor | CHAPTER 13 |
| Global Lending Services LLC<br>　　　　　　　　Movant<br>vs.<br>Niconnia M. Headen aka Niconnia McClam<br>　　　　　　　　Debtor | NO. 19-13636 AMC |
| William C. Miller, Esquire<br>　　　　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$714.16,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 18, 2019 to December 18, 2019 at $358.88/month |
| Suspense Balance: | $3.60 |
| **Total Post-Petition Arrears** | **$714.16** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$714.16.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$714.16** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 18, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $358.88 (or as adjusted pursuant to the terms of the vehicle) on or before the eighteenth (18th) day of each month.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 5, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/6/2020

Brandon J. Perloff, Esquire
Attorney for Debtor

Date: 1-7-2020

JMC William C. Miller, Esquire
Chapter 13 Trustee    No objection

Approved by the Court this __9th__ day of January, 2020, ~~2019~~ However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan