IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Niconnia M. Headen a/k/a Niconnia McClam,<br>    Debtor. | CHAPTER 13<br><br>BANKRUPTCY CASE NUMBER<br>19-13636/AMC |
| JPMorgan Chase Bank, N.A.,<br>    Movant,<br>v.<br>Niconnia M. Headen a/k/a Niconnia McClam,<br>    Debtor, | 11 U.S.C. § 362 |
| William C. Miller, Trustee,<br>    Additional Respondent. | |

## STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor's property at 5100 North Warnock Street, Philadelphia, PA 19141 (the "Property"), are $3,869.58. The breakdown of the arrears is as follows:

| Post-Payments from 09/01/2019 to 12/01/2019 at $973.93 each | $3,895.72 |
|---|---|
| Less Suspense Balance | $26.14 |

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. The balance of the arrears, to-wit, $3,895.72, shall be cured by the Debtor in six (6) consecutive payments commencing on January 1, 2020. The Debtor shall pay the sum of $644.93 for six (6) consecutive months until the arrears are cured, together with the regular monthly mortgage payment.

5. Debtor shall resume making the regular monthly mortgage payments on January 1, 2020. If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

6. All payments to Movant shall include the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, JPMorgan Chase Bank, N.A., at 3415 Vision Drive, Columbus, OH 43219;

7. All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

8. In the event that Debtor fails to file an Amended Chapter 13 Plan within the time period prescribed above, or if Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, the Court shall enter an Order granting Movant relief from the automatic stay as to the Property.

9. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

10. In the event this case is dismissed or discharged prior to Debtor completing all the payments included within this Stipulation, the terms and conditions of this Stipulation are terminated,

and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtors.

11.     Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 1/31/2020            /s/ Michael J. Clark
                                         Michael J. Clark, Esquire
                                         Attorney for Movant

Dated: 01/31/2020          /s/ Brandon J. Perloff
                                         Brandon J. Perloff, Esquire
                                         Attorney for Debtor

Dated: 2-5-20                 JMCK William C. Miller
                                         Trustee
                                         No objection

AND NOW, this_____day of_____, 2019, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

BY THE COURT:

_____
HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE